UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
IVAN and MELANIE KAIL, Individually and : Civil Action No. 2:15-cv-03513
on Behalf of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
Plaintiffs, :
: JOINT [PROPOSED] CASE
vs. : MANAGEMENT ORDER
:
WOLF APPLIANCE, INC., :
:
Defendant. :
---------------------------------------------------------------- x

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of this Court and the Initial Conference Order (DE 10), Plaintiffs Ivan and Melanie Kail (collectively, "Plaintiffs") and Defendant Wolf Appliance, Inc. ("Defendant") hereby submit this Joint Proposed Case Management Order.

WHEREAS, on September 3, 2015, the Court issued the Initial Conference Order (DE 10).

WHEREAS, the Initial Conference has been scheduled for November 3, 2015.

WHEREAS, the Initial Conference Order required the parties to meet prior to the Initial Conference and to complete and to present at the Initial Conference a "Discovery Plan Worksheet."

WHEREAS, the parties met by telephone on September 30, 2015 and October 13, 2015 in accordance with Federal Rule of Civil Procedure 26(f).

**WHEREFORE**, the parties submit the following Discovery Plan Worksheet and request the Court to adopt the following Joint Proposed Case Management Order (where the parties disagree, separate sections set forth "Plaintiffs' Position" and "Defendant's Position"):

**AND NOW**, this ____ day of October, 2015, it is hereby **ORDERED** as follows:

1. Confidentiality Order. A proposed Confidentiality Order shall be submitted on or before **November 13, 2015**.

2. Initial Disclosures. All initial disclosures shall be exchanged on **November 20, 2015.**

3. Fact and Class Related Discovery.

**Plaintiffs' Position**

(a) The parties commit, in good faith, to substantially complete their document productions by **May 20, 2016**. The parties recognize their continued obligation to produce responsive documents, and the production of documents discovered or determined to be responsive

- 1 -

after this date, but prior to the close of discovery as set forth below, will not be considered a violation of this agreement or of the Federal Rules of Civil Procedure.

        (b)     All merits and class-related discovery shall be completed by **June 24, 2016**.

**Defendant's Position**

        (a)     All merits and class-related discovery shall be completed by **June 24, 2016**.

4.     Motion to join new parties or amend the pleadings.   **February 15, 2016.**

5.     Expert Discovery on the Merits.

        (a)     In advance of the expert disclosure deadlines detailed below, the parties will engage in a good faith dialogue as to the scope of their respective experts' testimony.

        (b)     Plaintiffs shall identify their experts under Rule 26(a)(2)(A) by **June 30, 2016.**

        (c)     Full disclosures of Plaintiffs' experts' opinions required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by expert shall be completed by **June 30, 2016.**

        (d)     Depositions of Plaintiffs' experts shall be completed by **July 21, 2016.**

        (e)     Identification of Defendant's experts under Rule 26(a)(2)(A) shall be completed by **August 5, 2016.**

        (f)     Full disclosures of Defendant's experts' opinions required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by expert shall be completed by **August 5, 2016**.

        (g)     Depositions of Defendant's experts shall be completed by **August 26, 2016.**

6.     Motions for Summary Judgment.

  (a) Motions for Summary Judgment shall be filed on or before **September 16, 2016**.

  (b) Oppositions to Summary Judgment Motions shall be filed on or before **October 14, 2016**.

  (c) Replies shall be filed on or before **November 4, 2016**.

  (d) The Court shall hear oral argument on Motions for Summary Judgment at a date to be established by the Court.

  7. <u>Expert Discovery Related to Class Certification</u>.

**Plaintiffs' Position**

*(Except in the event Plaintiffs file their Motion for Class Certification prior to January 20, 2017, which shall be governed by Paragraph 8 below.)*

  (a) Plaintiffs shall identify their class certification experts under Rule 26(a)(2)(A) by **November 18, 2016.**

  (b) Full disclosures of Plaintiffs' class certification experts' opinions required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by class certification expert shall be completed by **November 18, 2016.**

  (c) Depositions of Plaintiffs' class certification experts shall be completed by **December 9, 2016.**

  (d) Identification of Defendant's class certification experts under Rule 26(a)(2)(A) shall be completed by **December 16, 2016.**

  (e) Full disclosures of Defendant's class certification experts' opinions required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by class certification expert shall be completed by **December 16, 2016**.

   (f) Depositions of Defendant's class certification experts shall be completed by **January 9, 2017.**

  **Defendant's Position**

   (a) Plaintiffs shall identify their class certification experts under Rule 26(a)(2)(A) by **November 18, 2016.**

   (b) Full disclosures of Plaintiffs' class certification experts' opinions required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by class certification expert shall be completed by **November 18, 2016.**

   (c) Depositions of Plaintiffs' class certification experts shall be completed by **December 9, 2016.**

   (d) Identification of Defendant's class certification experts under Rule 26(a)(2)(A) shall be completed by **December 16, 2016.**

   (e) Full disclosures of Defendant's class certification experts' opinions required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by class certification expert shall be completed by **December 16, 2016**.

   (f) Depositions of Defendant's class certification experts shall be completed by **January 9, 2017.**

  8. Motion for Class Certification.

  **Plaintiffs' Position**

   (a) Plaintiffs' Motion for Class Certification shall be filed on or before **January 20, 2017**. In the event Plaintiffs file their Motion for Class Certification before January 20, 2017, Plaintiffs shall serve their Rule 26(a)(2) expert disclosures in connection with class certification, if any, contemporaneously with their Motion for Class Certification.

  (b)  Defendant's Opposition to Plaintiffs' Motion for Class Certification shall be filed on or before **March 17, 2017**. In the event Plaintiffs file their Motion for Class Certification prior to January 20, 2017, Defendant shall file its Opposition to Plaintiffs' Motion for Class Certification within sixty (60) days of Plaintiffs' Motion or, if Plaintiffs serve one or more expert disclosures with their Motion for Class Certification, within ninety (90) days. In this event, any Rule 26(a)(2) expert disclosures served by Defendant regarding class certification must be served contemporaneously with its Opposition to Plaintiffs' Motion for Class Certification.

  (c)  Plaintiffs' Reply shall be filed on or before **April 14, 2017**.

  (d)  The Court shall hear oral argument on Plaintiffs' Motion for Class Certification at a date to be established by the Court.

**<u>Defendant's Position</u>**

  (a)  Plaintiffs' Motion for Class Certification shall be filed on or before **January 20, 2017**. Plaintiffs shall not file their Motion for Class Certification until all of the Plaintiffs' expert reports on merits and class certification issues have been submitted and Defendant has taken depositions of those experts.

  (b)  Defendant's Opposition to Plaintiffs' Motion for Class Certification shall be filed on or before **March 17, 2017**.

  (c)  Plaintiffs' Reply shall be filed on or before **April 14, 2017**.

  (d)  The Court shall hear oral argument on Plaintiffs' Motion for Class Certification at a date to be established by the Court.

  9.  <u>Procedures Following Inadvertent Disclosure ("Clawback")</u>. To aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

(a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

(b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

(c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

10. <u>Subsequent Scheduling Conference</u>.  After the issuance of an order on the Summary Judgment Motion and the Class Certification Motion, and at a date and time to be determined by the Court, the Court shall hold a scheduling conference to establish a timeline as necessary for scheduling of a Settlement Conference with the Court's Magistrate Judge, submission of motions in limine, pre-trial reports, proposed voir dire questions, proposed jury instructions, proposed verdict forms, and trial of the action.

DATED:  October 26, 2015                    ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            SAMUEL H. RUDMAN
                                            MARK S. REICH
                                            VINCENT M. SERRA


                                                   */s/ Mark S. Reich*
                                            MARK S. REICH

        58 South Service Road, Suite 200
        Melville, NY 11747
        Telephone: 631/367-7100
        631/367-1173 (fax)
        srudman@rgrdlaw.com
        mreich@rgrdlaw.com
        vserra@rgrdlaw.com

*Attorneys for Plaintiffs*

FOLEY & LARDNER LLP
YONATON ARONOFF

        */s/ Yonaton Aronoff*
        YONATON ARONOFF

90 Park Avenue
New York, New York 10016
Telephone: 212/338-3413
212/687-2329 (fax)
yaronoff@foley.com

FOLEY & LARDNER LLP
GORDON (CHIP) DAVENPORT III
(*admitted pro hac vice*)
150 East Gilman Street
Madison, WI 53703-1482
Telephone: 608/257-5035
608/258-4258 (fax)
gdavenport@foley.com

*Attorneys for Defendant Wolf Appliance, Inc.*

IT IS SO ORDERED.

DATED: _____   _____
                                                                     THE HONORABLE GARY R. BROWN
                                                                     UNITED STATES MAGISTRATE JUDGE