# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IVAN and MELANIE KAIL,** *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **WOLF APPLIANCE, INC.** <br><br> Defendant. | Civil Action No. 2:15-cv-03513-JS-GRB <br> <u>CLASS ACTION</u> |
| **BARRY GARFINKLE,** *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> **WOLF APPLIANCE, INC.** <br><br> Defendant. | Civil Action No. 1:17-cv-03753 JS-GRB <br> <u>CLASS ACTION</u> |
| **FREDERICK SHARP,** *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> **WOLF APPLIANCE, INC.** <br><br> Defendant. | Civil Action No. 2:18-cv-01723 JS-GRB <br> <u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF WOLF APPLIANCE, INC.'S CONSOLIDATED MOTION TO STRIKE CERTAIN CLASS CLAIMS ALLEGED BY BARRY GARFINKLE AND FREDERICK SHARP BECAUSE THEY ARE UNTIMELY**

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    A.    Motions To Strike Are Appropriate To Address Dispositive Deficiencies In Class Allegations ........................................................................................................................ 2

    B.    Garfinkle's Class Claims For Breach Of Implied Warranty And Breach Of Express Warranties Created By Advertising Statements Are Untimely As A Matter Of Law........................................................................................................................ 3

        1.    Garfinkle's Class Claims for Breach of Implied Warranty and Breach of Express Warranties Created by Advertising Are Barred by The Four-Year Statute of Limitations................................................................................................ 3

        2.    The "Future Performance" Exception Does Not Apply to These Claims .............. 4

        3.    No Tolling Doctrines Apply ................................................................................... 5

    C.    To The Extent Garfinkle's Class Claim For Violation Of The Magnuson-Moss Warranty Act Is Based On His Untimely State Law Warranty Class Claims, That Portion Of The Magnuson-Moss Claim Must Be Stricken As Well ................................. 7

    D.    Sharp's Class Claim For Violation Of GBL § 349 Is Untimely As A Matter Of Law ................................................................................................................................... 7

    E.    Sharp's Class Claim For Unjust Enrichment Is Untimely As A Matter Of Law, To The Extent He Seeks Monetary Relief.............................................................................. 8

CONCLUSION............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

839 *Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co.*,
  2016 WL 5372804 (E.D.N.Y. Sept. 26, 2016) ........................................................................ 9

*American Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974) ............................................................................................................ 1, 6

*Antz v. GAF Materials Corp.*,
  719 A.2d 758 (Pa. Super. Ct. 1998) ........................................................................................ 5

*Bristol Vill., Inc. v. La.-Pacific Corp.*,
  170 F. Supp. 3d 488 (W.D.N.Y. 2016) ................................................................................... 8

*Cali v. Chrysler Grp. LLC*,
  2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) ............................................................................ 7

*China Agritech v. Resh*,
  --- U.S. ---, 2018 WL 2767565 (June 11, 2018) ................................................................. 1, 6

*Davito v. AmTrust Bank*,
  743 F.Supp.2d 114 (E.D.N.Y.2010) ....................................................................................... 2

*Frito-Lay N. Am., Inc. All Nat. Litig.*,
  2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ........................................................................ 3

*Gunsalus v. Celotex Corp.*,
  674 F. Supp. 1149 (E.D. Pa. 1987) ......................................................................................... 5

*In re Grand Theft Auto Video Game Consumer Litig.*,
  251 F.R.D. 139 (S.D.N.Y. 2008) ............................................................................................ 8

*In re OSI Pharms., Inc. Secs. Litig.*,
  2007 WL 9672541 (E.D.N.Y. Mar. 31, 2007) ........................................................................ 1

*In re Pub. Offering Sec. Litig.*,
  2008 WL 2050781 (S.D.N.Y. May 13, 2008) ........................................................................ 2

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
  2014 WL 3557189 (M.D. Pa. July 17, 2014) ...................................................................... 2, 7

*Jaffe v. Capital One Bank*,
  2010 WL 691639 (S.D.N.Y. Mar. 1, 2010) ............................................................................ 2

*Korwek v. Hunt*,
  827 F.2d 874 (2d Cir. 1987) ................................................................................................ 1, 6

*Lia v. Saporito*,
  909 F. Supp. 2d 149 (E.D.N.Y. 2012) ...................................................................................... 9

*Marshall v. Hyundai Motor Am.*,
  51 F. Supp. 3d 451 (S.D.N.Y. 2014) ........................................................................................ 8

*Nationwide Ins. Co. v. Gen. Motors*,
  625 A.2d 1172 (Pa.1993) ......................................................................................................... 5

*Rahman v. Smith & Wollensky Rest. Group, Inc.*,
  2008 WL 161230 (S.D.N.Y. Jan. 16, 2008) ......................................................................... 2, 3

*The Knit With v. Knitting Fever, Inc.*,
  625 F. App'x 27 (3d Cir. 2015) ................................................................................................ 6

*Turney Media Fuel, Inc. v. Toll Bros.*,
  1999 PA Super 37, 725 A.2d 836 ............................................................................................ 4

**Statutes**

13 Pa. Con. Stat. § 2106(a) ............................................................................................................ 3
13 Pa. Con. Stat. § 2313(a) ............................................................................................................ 4
13 Pa. Con. Stat. § 2314(a) ............................................................................................................ 3
13 Pa. Con. Stat. § 2725(b) ........................................................................................................ 4, 5
15 U.S.C. § 2301 ........................................................................................................................ 2, 7
New York General Business Law § 349 ................................................................................*passim*

4817-8318-0403

**INTRODUCTION**

Plaintiffs Barry Garfinkle and Frederick Sharp are alleging claims against Wolf Appliance, Inc. on their own behalf (the "Individual Claims"), and on behalf of proposed state and national classes of other owners of Wolf ovens (the "Class Claims"). By separate motion, Wolf is moving for summary judgment on all of Garfinkle's Individual Claims and some of Sharp's Individual Claims, because they are legally deficient for multiple reasons. In addition to those fatal legal flaws in Garfinkle's and Sharp's Individual Claims, certain of their Class Claims are untimely as a matter of law. Accordingly, Wolf has filed this separate consolidated motion to strike the untimely Class Claims.[1]

Wolf's consolidated summary judgment motion as to Garfinkle's and Sharp's Individual Claims does not include any statute of limitations arguments. That is because the statutes of limitations governing their Individual Claims were tolled by the June 16, 2015 filing of *Kail v. Wolf Appliance, Inc.* under the *American Pipe* rule. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). But, as the Supreme Court recently established (and the Second Circuit has long held), *American Pipe* tolling does not apply to Class Claims. *See China Agritech v. Resh*, --- U.S. ---, 2018 WL 2767565, at *9 (June 11, 2018); *Korwek v. Hunt*, 827 F.2d 874, 877-78 (2d Cir. 1987). Because *American Pipe* tolling does not apply to class claims, the following Class Claims asserted by Garfinkle and Sharp are barred by the statutes of limitations:

---

[1] To the extent the claims that are the subject of this motion to strike are dismissed on Wolf's motion for summary judgment as to the Individual Claims, it will not be necessary to decide this motion to strike. A dismissal of the named plaintiffs' Individual Claims on summary judgment will mean they cannot pursue those claims on a class-wide basis. *See, e.g., In re OSI Pharms., Inc. Secs. Litig.*, No. 04-CV-5505 (JS)(WDW), 2007 WL 9672541, at *16 (E.D.N.Y. Mar. 31, 2007) ("In order to maintain a class action, Plaintiffs must first establish that they have a valid claim . . . . If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the complaint may show that others might have a valid claim.") (quotation omitted).

- Garfinkle's Class Claim for breach of the implied warranty of merchantability;

- Garfinkle's Class Claim for breach of express warranty created by statements in Wolf's advertising;

- Sharp's Class Claim for violation of New York General Business Law § 349; and

- Sharp's Class Claim for unjust enrichment, to the extent he seeks monetary relief.

In addition, to the extent Garfinkle's Class Claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, is based on his claims for breach of the implied warranty of merchantability and breach of express warranty created by advertising statements, those portions of the Magnuson-Moss Class Claim must be stricken as well. *In re Shop-Vac Mktg. & Sales Practices Litig.*, No. 4:12-md-2380, 2014 WL 3557189, at *10 n.13 (M.D. Pa. July 17, 2014) (Magnuson-Moss claims "survive or fail with the state law warranty claims").

## ARGUMENT

### A.    Motions To Strike Are Appropriate To Address Dispositive Deficiencies In Class Allegations

"Courts in this district have held that a motion to strike class allegations . . . may be addressed 'prior to the certification of the class if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear.'" *Jaffe v. Capital One Bank*, 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010) (quoting *In re Pub. Offering Sec. Litig.*, 2008 WL 2050781, at *2 (S.D.N.Y. May 13, 2008)); *see also Davito v. AmTrust Bank*, 743 F.Supp.2d 114, 115–16 (E.D.N.Y.2010); *Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008). "[W]here the basis for the motion to strike is distinct from" the inquiry regarding "the appropriateness of class certification under Rules 23(a) and 23(b)," a court "may order deletion of portions of a complaint's class claims once it becomes

2

clear that the plaintiffs cannot possibly prove the deleted portion of those claims." *Rahman*, 2008 WL 161230, at *3 (quoting 5 Moore's Federal Practice § 23-145 (3d ed.2007)).

This is precisely that kind of motion to strike. It does not mirror the class certification inquiry. Its basis is distinct from the inquiry under Rule 23 as to whether class certification is appropriate. The basis is the untimeliness of certain of the Class Claims, and that is an issue that can and should be addressed on this motion to strike.

**B.    Garfinkle's Class Claims For Breach Of Implied Warranty And Breach Of Express Warranties Created By Advertising Statements Are Untimely As A Matter Of Law**

**1.    Garfinkle's Class Claims for Breach of Implied Warranty and Breach of Express Warranties Created by Advertising Are Barred by The Four-Year Statute of Limitations**

Garfinkle alleges that he purchased his Wolf oven in Pennsylvania and installed it in his Pennsylvania home. (ECF No. 39 (Compl.) ¶¶ 20-21.) That being the case, his claims are governed by Pennsylvania law. *See, e.g.*, *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *19 (E.D.N.Y. Aug. 29, 2013) (in breach of warranty actions, courts generally apply the law of the state where contracting and performance occurred). Garfinkle acknowledges as much, asserting his claims on behalf of both a nationwide class and a subclass of Pennsylvania residents. (ECF No. 39 ¶ 71.)

As this Court previously held in applying New York law to the Kails' claims for breach of implied warranty and breach of express warranties created by advertising statements, these warranties are created by statute in connection with <u>purchases</u> of goods; they are not created by no-cost <u>replacements</u> of goods. (*See* ECF No. 35 (Aug. 21, 2017 Decision) at 11-16.) Pennsylvania law is identical. The implied warranty of merchantability is created by law upon "a contract for the[] sale" of goods, 13 Pa. Con. Stat. § 2314(a) (emphasis added), and a "sale" means "the passing of title from the seller to the buyer <u>for a price</u>," 13 Pa. Con. Stat. § 2106(a)

3

(emphasis added). Similarly, advertising warranties are created when the seller's promises or affirmations are made "part of the basis for the bargain" between the parties. 13 Pa. Con. Stat. § 2313(a) (emphasis added). *See also Turney Media Fuel, Inc. v. Toll Bros.*, 1999 PA Super 37, ¶ 9, 725 A.2d 836, 840 ("Article 2 of the UCC governs transactions involving products or 'goods,' thus before the protections of the warranties attach there must be a sale of goods.").

Garfinkle's complaint alleges only one sale transaction: his May 2012 purchase of a Wolf double oven. (ECF No. 39 ¶¶ 21, 58.) The Pennsylvania statute of limitations for UCC warranty claims is four years. 13 Pa. Consol. Stat. ¶ 2725(a). That four-year period begins to run "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and "the breach of warranty occurs when tender of delivery is made." 13 Pa. Consol. Stat. § 2725(b); 42 Pa. Consol. Stat. § 5525(a)(2). Garfinkle alleges (and confirmed at his deposition) that the oven he purchased was delivered on June 12, 2012. (ECF No. 39 ¶ 58.[2]) Accordingly, his Class Claims for breach of implied warranty and breach of advertising warranty had to be filed before June 12, 2016. But he did not file his complaint until June 2017, a full year too late. Therefore, his Class Claims for breach of the implied warranty of merchantability and breach of express warranties created by advertising are untimely on their face.

### 2. The "Future Performance" Exception Does Not Apply to These Claims

Pennsylvania law recognizes one exception to the rule that the breach occurs—and the statute of limitations begins to run—upon tender of delivery. For warranties that "explicitly extend[] to future performance," the statute does not begin to run until there is a breach of the future performance obligation. 13 Pa. Consol. Stat. § 2725(b).

---

[2] (*See also* Jan. 30, 2018 Deposition of Barry Garfinkle at 85:6-12.)

4

That exception does not apply to Garfinkle's Class Claims for breach of the implied warranty of merchantability and breach of express warranties created by advertising statements. "Implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance" as a matter of law. *Antz v. GAF Materials Corp.*, 719 A.2d 758, 760 (Pa. Super. Ct. 1998). And "[g]eneral statements made in advertising do not constitute explicit warranties of future performance." *Gunsalus v. Celotex Corp.*, 674 F. Supp. 1149, 1155 (E.D. Pa. 1987). Garfinkle's complaint identifies no advertising statements making a promise of performance for any specific duration—a necessary element of a "future performance" warranty under Pennsylvania law. *See Nationwide Ins. Co. v. Gen. Motors*, 625 A.2d 1172, 1176 (Pa.1993) ("We believe that the focus of [the future performance exception] is not on what is promised, but on the duration of the promise—*i.e.*, the period to which the promise extends."). At his deposition, the only specific advertising statement Garfinkle identified was that Wolf offered "one of the best warranties . . . in the business." (*See* Garfinkle Dep. 55:19-56:12, 58:10-15, 94:11-16.) This does not reference a specific duration, so it does not qualify as a promise of future performance.

### 3. No Tolling Doctrines Apply

Garfinkle alleges in his complaint that Wolf "actively concealed and suppressed the material facts" from him (ECF No. 39 ¶¶ 41-42, 53, 70), suggesting that he may argue fraudulent concealment as a basis for tolling the statute of limitations. While fraudulent concealment can be a basis for tolling some statutes of limitations, the Pennsylvania statute governing breach-of-warranty claims is not among them. By its terms, the Pennsylvania statute begins to run upon tender of delivery "<u>regardless</u> of the aggrieved party's lack of knowledge of the breach." 13 Pa. Consol. Stat. § 2725(b) (emphasis added). Because the buyer's knowledge is immaterial for purposes of the statute of limitations, concealment of the claim cannot toll the statute. *See The*

5

4817-8318-0403

*Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 34 (3d Cir. 2015) ("TKW has not provided any case law or statutory provisions to support its claim that the statute of limitations for warranty actions can be tolled by alleged fraudulent concealment. Indeed, the statute itself establishes this is not true.").

Garfinkle's complaint also references the June 2015 filing of the *Kail* action (ECF No. 39 ¶¶ 54-57), presumably to establish grounds for tolling under the *American Pipe* doctrine. Under that doctrine, the filing of a proposed class action stops the running of statutes of limitations for putative class members' individual claims. *See China Agritech v. Resh*, --- U.S. ---, 138 S.Ct. 1800, 1806 (June 11, 2018) (describing doctrine). This allows putative class members to "wait out" a pending class action before deciding whether to bring their claims on an individual basis.

But *American Pipe* "addressed only putative class members who wish to sue <u>individually</u>." *Id.* (emphasis added). It did not toll statutes of limitations for <u>class</u> claims. The Second Circuit has long held that "the *American Pipe* tolling rule does not apply to permit putative class members to file a subsequent class action." *Korwek v. Hunt*, 827 F.2d 874, 877-78 (2d Cir. 1987). Recently, the United States Supreme Court resolved a Circuit split on this issue in favor of the Second Circuit's longstanding rule, holding that "*American Pipe* does not permit a [class action] plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *China Agritech*, 138 S.Ct. at 1806. *See also id.* at 1810 (noting that this rule has long been applied in "the Second and Fifth Circuits (no strangers to class-action practice); both courts declined to entertain out-of-time class actions in the 1980s").

Thus, no tolling doctrines apply to Garfinkle's Class Claims for breach of the implied warranty of merchantability and breach of express warranties arising from advertising

6

statements. Those Class Claims are barred by the statute of limitations as a matter of law and must be stricken from Garfinkle's complaint.

**C.     To The Extent Garfinkle's Class Claim For Violation Of The Magnuson-Moss Warranty Act Is Based On His Untimely State Law Warranty Class Claims, That Portion Of The Magnuson-Moss Claim Must Be Stricken As Well**

In the third count of his complaint, Garfinkle alleges that Wolf violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, by breaching "express and implied warranties" and "failing to comply with its obligations under its written and implied promises, warranties, and representations." (ECF No. 39 ¶¶ 112-113.) Because Garfinkle's Class Claims for breach of implied warranty and breach of express warranties created by advertising representations are untimely as a matter of law, they cannot form the basis for a Class Claim under Magnuson-Moss. *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2014 WL 3557189, at *10 n.13 (Magnuson-Moss claims "survive or fail with the state law warranty claims"); *Cali v. Chrysler Grp. LLC*, No. 10-cv-7606, 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011) (Magnuson-Moss claims "stand or fall with the express and implied warranty claims under state law"). Accordingly, that portion of the Magnuson-Moss Class Claim must be stricken as well.

**D.     Sharp's Class Claim For Violation Of GBL § 349 Is Untimely As A Matter Of Law**

Sharp alleges that Wolf violated New York's General Business Law ("GBL") § 349, which prohibits false advertising and deceptive trade practices. (ECF No. 57 ¶¶ 94-103.) The Kails brought the same claim under the same statute. (ECF No. 1 ¶¶ 110-117.) Wolf moved for summary judgment as to the Kails' § 349 claim, because the three-year statute of limitations had run. (ECF No. 24-1 at 23-24.) The Court granted Wolf's motion and dismissed the Kails' claim. (*See* ECF No. 35 at 23-24.) In doing so, it explained that the statute of limitations governing § 349 claims begins to run at the time of the sale:

7

> The clock begins to run when the plaintiff is injured, not when the alleged deceptive practice is discovered. *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 461 (S.D.N.Y. 2014). In cases like this one, the injury occurs along with the sale transaction because the alleged defect—be it, the functionality of the self-cleaning feature or the durability of the porcelain—was in place when the plaintiff purchased the product. *See id.* at 461-62 (holding that a Section 349 claim was time-barred because "the defective brake systems were in place when all three Plaintiffs purchased their vehicles"); *Bristol Vill., Inc. v. Louisiana-Pacific Corp.*, 170 F. Supp. 3d 488, 499 (W.D.N.Y. 2016) (concluding that a Section 349 claim was untimely because "the [product] was defective when it was purchased, delivered, and installed").

(ECF No. 35 at 23-24.)

Sharp alleges that he purchased his oven in "July-August 2014." (ECF No. 57 ¶ 62.[3]) That means the three-year statute of limitations expired in 2017. Sharp did not file his Class Claim for violation of § 349 until March of 2018. (*Id.*). As a result, that Class Claim is time-barred as a matter of law.[4]

**E.  Sharp's Class Claim For Unjust Enrichment Is Untimely As A Matter Of Law, To The Extent He Seeks Monetary Relief**

The law of New York, where Sharp purchased, used, and experienced the alleged defect in his Wolf oven, governs Sharp's claim for unjust enrichment. *See*, *e.g.*, *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 149 (S.D.N.Y. 2008) ("the significant-contacts test requires the application of the law of the state of purchase" to unjust enrichment claims).

"In New York, unjust enrichment claims seeking equitable relief are governed by a six (6)-year statute of limitations . . . whereas unjust enrichment claims seeking monetary damages are governed by the three (3)-year statute of limitations under Section 214(3) of the New York Civil

---

[3] (*See also* Aug. 22, 2018 Deposition of Frederick Sharp at 23:17-25.)

[4] Unlike Garfinkle, Sharp does not allege any sort of tolling due to fraudulent concealment. (*See* ECF No. 57 ¶ 81 ("The fraudulent concealment allegations contained in this cause of action [for fraudulent concealment] are limited to this cause of action alone, and are not incorporated into any other causes of action[.]") But even if he did, no tolling would be available for the reasons discussed above.

8

Practice Law and Rules." *Lia v. Saporito*, 909 F. Supp. 2d 149, 167 (E.D.N.Y. 2012) (citations and internal quotation marks omitted); *see also* 839 *Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 15-CV-4516 (SIL), 2016 WL 5372804, at *7 (E.D.N.Y. Sept. 26, 2016). "Regardless of the applicable limitations period, the period begins to run upon the occurrence of the wrongful act giving rise to a duty of restitution, or when a defendant accepts the benefits bestowed upon him." *Lia*, 909 F. Supp. 2d at 167 (citations and internal quotation marks omitted).

Sharp alleges that Wolf "was unjustly enriched from the sale of the Ovens." (ECF No. 57 ¶¶ 62, 119.) The sale of his oven occurred in 2014, and that is when the statute of limitations governing his unjust enrichment claim began to run. The Class Claim seeking monetary damages had to be filed within three years, or by 2017. It was not filed until March of 2018, many months too late. Accordingly, Sharp's Class Claim for unjust enrichment must be stricken to the extent it seeks monetary relief.

## **CONCLUSION**

For the foregoing reasons, this Court should enter an order striking: (1) Garfinkle's untimely Class Claim for breach of the implied warranty of merchantability; (2) Garfinkle's untimely Class Claim for breach of express warranties created by statements in Wolf advertising; (3) Garfinkle's Class Claim for violation of the Magnuson-Moss Warranty Act, to the extent it is based on alleged breaches of implied warranties or express warranties created in advertising; (4) Sharp's untimely Class Claim for violation of GBL §349; and (5) Sharp's untimely Class Claim for unjust enrichment, to the extent it seeks monetary relief.

Dated:  November 6, 2018

/s/ *Anne B. Sekel*
Anne B. Sekel
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: 212-338-3417
Facsimile: 212-687-2329
Email: asekel@foley.com

Gordon (Chip) Davenport III, Esq.
*(admitted pro hac vice)*
Megan R. Stelljes, Esq.
*(admitted pro hac vice)*
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, Wisconsin 53703
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
Email: gdavenport@foley.com
         mstelljes@foley.com