# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IVAN and MELANIE KAIL,** *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **WOLF APPLIANCE, INC.** <br><br> Defendant. | Civil Action No. 2:15-cv-03513-JS-GRB <br> <u>CLASS ACTION</u> |
| **BARRY GARFINKLE,** *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> vs. <br><br> **WOLF APPLIANCE, INC.** <br><br> Defendant. | Civil Action No. 1:17-cv-03753 JS-GRB <br> <u>CLASS ACTION</u> |
| **FREDERICK SHARP,** *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> vs. <br><br> **WOLF APPLIANCE, INC.** <br><br> Defendant. | Civil Action No. 1:18-cv-01723-JS-GRB <br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM IN SUPPORT OF WOLF APPLIANCE, INC.'S
MOTION TO STRIKE CERTAIN CLASS CLAIMS ALLEGED BY
BARRY GARFINKLE AND FREDERICK SHARP BECAUSE THEY ARE UNTIMELY**

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

I.  New York And Pennsylvania Follow The *American Pipe* Rule, And The *American Pipe* Rule Does Not Toll The Statute Of Limitations For Class Claims ............ 2

   A.  New York and Pennsylvania Have Adopted the *American Pipe* Rule ................... 2

   B.  *China Agritech* Does Not Allow Tolling of Class Claims Until Class Certification is Denied in The First Action, As Plaintiffs Contend ........................ 3

II.  No Other Tolling Doctrines Apply ................................................................................... 5

   A.  The "Future Performance" Exception Does Not Apply to Garfinkle's Claims for Breach of Implied Warranty and Breach of Warranties Created by Advertising ............................................................................................................... 6

      1.  The Future Performance Exception Does Not Apply to Garfinkle's Claim for Breach of Implied Warranty ......................................................... 6

      2.  No Advertising Statements That Explicitly Extended to Future Performance Were Part of The Basis of Garfinkle's Bargain .................... 8

   B.  Equitable Tolling Does Not Apply To Either Plaintiff's Claims .......................... 9

CONCLUSION ...................................................................................................................... 10

## INTRODUCTION

In their opposition to Wolf's motion to strike, Plaintiffs Barry Garfinkle and Frederick Sharp concede that several of their class claims are time-barred unless a tolling doctrine applies. As it stated from the outset, Wolf acknowledges that Garfinkle's and Sharp's individual claims are timely under the *American Pipe* tolling rule, which is followed in both Garfinkle's home state of Pennsylvania and Sharp's home state of New York. But that rule applies only to individual claims, not class claims. The *American Pipe* rule provides "no tolling for out-of-time class actions," period. *China Agritech v. Resh*, 138 S. Ct. 1800, 1811 (2018). And without the benefit of *American Pipe* tolling, the four class claims that Wolf moved to strike—Garfinkle's claims for breach of implied warranty and breach of express warranties created by advertising, and Sharp's claims for violation of N.Y. Gen. Bus. L. § 349 and unjust enrichment—are each barred by the applicable statutes of limitations.

Plaintiffs argue that *American Pipe* tolling applies to class claims until class certification is denied in the first class action, but that argument is plainly incorrect as explained in detail below. Plaintiffs also make two other arguments in an effort to salvage the timeliness of their class claims, but both are devoid of merit. ***First***, Garfinkle notes that there is an exception to the statute of limitations for warranties that "explicitly extend to future performance." Pa. Consol. Stat. § 2725(b). But the only warranty that explicitly extends to future performance is Wolf's written warranty, and Wolf is not moving to strike Garfinkle's class claim for breach of that warranty. The "future performance" exception does not apply to either of the warranty claims that are the subject of this motion, which are Garfinkle's claims for breach of the implied warranty of merchantability and express warranties created by advertising. ***Second***, both Sharp and Garfinkle assert that equitable tolling ought to apply. But neither has identified evidence sufficient to meet the requirements for those doctrines. And even if they could, it would not

1

save their class claims, because plaintiffs who must depend on equitable tolling to assert their claims are not suitable class representatives under Federal Rule of Civil Procedure 23.

## ARGUMENT

I. **New York And Pennsylvania Follow The *American Pipe* Rule, And The *American Pipe* Rule Does Not Toll The Statute Of Limitations For Class Claims**

    A. **New York and Pennsylvania Have Adopted the *American Pipe* Rule**

At the outset, Wolf must address a red herring. Plaintiffs' opposition brief asserts that the *American Pipe* doctrine is "limited to claims arising under federal law." (Pls.' Mem. at 15.) Because their claims arising under the state laws of Pennsylvania and New York, respectively, Plaintiffs assert that the *American Pipe* tolling rule is inapplicable to this case. (*Id.*)

That is incorrect, because both states have adopted the *American Pipe* rule. New York courts have "long embraced the principles of *American Pipe*." *Cullen v. Margiota*, 811 F.2d 698, 719-20 (2d Cir. 1987) (citing *Yollin v. Holland Am. Cruises, Inc.*, 97 A.D.2d 720 (N.Y. App. 1983)). "While *American Pipe* tolling is a federal doctrine, the Court of Appeals for the Second Circuit has held that *American Pipe* tolling is part of New York common law," and thus it is "appropriate to apply federal case law interpreting the scope and application of *American Pipe* tolling" to claims arising under New York law. *Choquette v. City of N.Y.*, 839 F. Supp. 2d 692, 697 n.3 (S.D.N.Y. 2012). The same holds true in Pennsylvania. *See Allessandro v. State Farm Mut. Auto. Ins. Co.*, 409 A.2d 347, 350 n.9 (1979); *Kruth v. Liberty Mut. Ins. Co.*, 499 A.2d 354, 357 (Pa. Super. 1985) ("Although [*American Pipe* and its progeny] obviously involved considerations of federal rules and precedents, the rationale and rule has been adopted in our Commonwealth by our own Supreme Court."); Pa. R. Civ. Proc. 1701 explanatory note (Pennsylvania's class action definition "carries into effect the decision of the United States Supreme Court in *American Pipe*").

Thus, whether this Court is interpreting claims arising under federal law or claims arising under the law of states (like New York and Pennsylvania) that have adopted *American Pipe*, the outcome is the same: the *American Pipe* rule simply does not apply to class claims, and it never did. *See China Agritech*, 138 S. Ct. at 1806 (noting that the *American Pipe* decision did not "so much as hint[] that tolling extends to otherwise time-barred class claims"); *Armendariz v. Santa Fe County Board of Commissioners*, No. 17-cv-339-WJ-LF, 2018 WL 3730179, at *4 (D.N.M. Aug. 6, 2018) ("*China Agritech* forecloses any arguments offered by Plaintiffs that tolling should include class action claims"); *Lindblom v. Santander Consumer USA, Inc.*, No. 15-cv-990-BAM, 2018 WL 3219381, at *6 (E.D. Cal. June 29, 2018) (*China Agritech* confirmed "that the *American Pipe* rule only tolls a putative class member's individual claims.").

> B. ***China Agritech*** **Does Not Allow Tolling of Class Claims Until Class Certification is Denied in The First Action, As Plaintiffs Contend**

In *China Agritech*, the Court confirmed what Justice Sotomayor characterized as a "blanket no-tolling-of-class-claims-ever rule," *id.* at 1814 (Sotomayor, J., concurring), and rejected an argument for making *American Pipe* applicable to class claims:

> The contrary rule, allowing no tolling for out-of-time class actions, will propel putative class representatives to file suit well within the limitation period and seek certification promptly. For all the above-stated reasons, it is the rule we adopt today: **Time to file a class action falls outside the bounds of *American Pipe***.

*China Agritech*, 138 S. Ct. at 1811 (emphasis added). *See also id.* at 1804 ("*American Pipe* does not permit the maintenance of a follow-on class action past the expiration of the statute of limitations."). There are no "ifs," "ands," or "buts."

Plaintiffs nevertheless argue that *China Agritech* (and thus *American Pipe*) tolls class claims until there is "a denial of class certification" in the original action. (Pls.' Mem. at 14.) But that is the opposite of what *China Agritech* says. While the denial of class certification ends

3

the period of *American Pipe* tolling for <u>individual</u> claims, it has no effect on <u>class</u> claims because—as noted above—class claims were never tolled to begin with.

 The Supreme Court thoroughly explained its reasons for the different treatment of individual and class claims.  "The plaintiff who seeks to preserve the ability to lead the class . . . has every reason to file a class action early, and little reason to wait in the wings, giving another plaintiff first shot at the representation." *China Agritech*, 138 S. Ct. at 1810-11.  Disallowing tolling for class claims encourages plaintiffs to file them early, so that trial courts will have "time to consider competing claims for class representation, [which] will advance the likelihood that lead plaintiff or class counsel deficiencies will be discovered and acted upon <u>early</u> in the litigation." *Id.* at 1809 n.5 (emphasis added).  Any contrary rule would enable "[e]ndless tolling of a statute of limitations for class claims," with class members shuffling in and out as named plaintiffs *ad infinitum*.  *Id.*

 In response to this clear guidance from the highest court in the land, Plaintiffs cite three district court cases addressing cross-jurisdictional tolling—*i.e.*, the question of whether a class action filed in one court tolls subsequent claims filed in a different jurisdiction.  *See Hart v. BHH, LLC*, No. 15cv4804, 2018 WL 5729294 (S.D.N.Y. Nov. 2, 2018); *Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517 (S.D.N.Y. 2018); *Famular v. Whirlpool Corp.*, No. 16-CV-944(JB), 2017 WL 2470844 (S.D.N.Y. June 7, 2017) (cited in Pls.' Mem. at 13-16).  But cross-jurisdictional tolling is not an issue in this case, because the successive actions here were all filed in the same court.  Moreover, two of those three decisions were issued before the Supreme Court's decision in *China Agritech*, and both are now under further review.[1]  The third case,

---

[1] *Chavez* is on appeal to the Second Circuit.  Appeal No. 18-1120 (2d Cir. filed Apr.18, 2018).  A motion for reconsideration in light of *China Agritech* is currently pending in *Famular*.  No. 16-CV-944(JB), ECF 114, Mem. in Supp. of Mot. for Reconsideration (filed June 22, 2018).

4

*Hart*, addressed *China Agritech* only within the narrow confines of a motion for reconsideration. The district court there concluded that the "concerns" noted in the *China Agritech* decision "are not triggered here," and thus the decision "does not warrant reconsideration" of a prior order. *Hart*, 2018 WL 5729294, at *2.

Other district courts, unbound by the demanding standards for motions for reconsideration, have given *China Agritech* and *American Pipe* a more thorough review and rejected the view that Plaintiffs urge here. Each reached the same conclusion: that "*American Pipe* tolling does not extend, however, to subsequent class action suits filed prior to the resolution of class certification in the prior class suit." JOSEPH M. MCLAUGHLIN, MCLAUGHLIN ON CLASS ACTIONS § 3:15 (15th ed. 2018). *See, e.g.*, *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*, No. 14 C 2032, 2018 WL 3659349, at *3-4 (N.D. Ill. Aug. 2, 2018) (holding the same, and analyzing *China Agritech* in depth); *Armendariz*, 2018 WL 3730179, at *4 ("The best *American Pipe* offers Plaintiffs—if it applies at all—is a tolling of the individual claims of putative class members; it would not allow a successive class action claim based on the state law claims."); *Lindblom*, 2018 WL 3219381, at *6 ("In *China Agritech*, the Supreme Court clarified that the *American Pipe* rule only tolls a putative class member's individual claims—it does not allow a putative class member to file a new class action after the statute of limitations has expired."); *Blake v. JPMorgan Chase Bank, N.A.*, No. 13-6433, 2018 WL 1518613, *8 (E.D. Pa. Mar. 28, 2018) ("To permit plaintiffs in a class action suit to benefit from the doctrine before class certification is resolved [in prior suit] would essentially swallow the exception to the rule and would result in the multiplicity of activity which Rule 23 was designed to avoid.")

## II. No Other Tolling Doctrines Apply

Plaintiffs next argue that the class claims Wolf is challenging are saved by other exceptions or tolling doctrines. They are not.

5

### A. The "Future Performance" Exception Does Not Apply to Garfinkle's Claims for Breach of Implied Warranty and Breach of Warranties Created by Advertising

Garfinkle asserts that the alleged defect in his oven was latent, and therefore "[t]he tender of delivery" of his original oven is "an untenable date to use to start the accrual of Dr. Garfinkle's warranty claims." (Pls.' Mem. at 18.) In fact, by statute, it is the only date to use. Whether the defect is latent or obvious, the rule for breach of U.C.C. warranties in Pennsylvania is the same: the four-year statute of limitations begins to run "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and "the breach of warranty occurs when tender of delivery is made." 13 Pa. Consol. Stat. § 2725(b); 42 Pa. Consol. Stat. § 5525(a)(2).

The only statutory exception to this rule is for warranties that "explicitly extend to future performance." Pa. Consol. Stat. § 2725(b). Because of that exception, Wolf did not seek to strike Garfinkle's class claim for breach of Wolf's written warranty, which by its terms promises to repair or replace certain defects for a specific future period of time. That is not the case for the other warranties Garfinkle alleges, as explained below.

#### 1. The Future Performance Exception Does Not Apply to Garfinkle's Claim for Breach of Implied Warranty

The future performance exception does not apply to implied warranties, because "an implied warranty, by nature, cannot 'explicitly' extend to future performance." *Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.*, 625 A.2d 1172, 1178 (1993) (emphasis added). *See also Antz v. GAF Materials Corp.*, 719 A.2d 758, 760 (Pa. Super. Ct. 1998) ("Implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance.").

6

Garfinkle tries to rebut that common-sense rule in two ways, neither of which are persuasive. ***First***, he cites a plurality opinion of the Pennsylvania Supreme Court decided three years before *Nationwide* (and eight years before *Antz*) that purportedly "left the door open for implied warranty claims to extend to future performance in Pennsylvania." (Pls.' Mem. at 18 (citing *Cucchi v. Rollins Protective Servs.*, 574 A.2d 565 (1990).) To the extent that door was ever open, Pennsylvania courts subsequently shut it. *See McPhee v. DePuy Orthopedics, Inc.*, 989 F. Supp. 2d 451, 462-63 (W.D. Pa. 2012) ("The Supreme Court of Pennsylvania's most recent expositions on this issue suggest that implied warranties cannot be so extended.").

***Second***, Garfinkle mixes and matches his warranties, arguing that the statute of limitations for his <u>implied</u> warranty began anew with each replacement unit because his <u>written</u> warranty extended to their future performance. That is not how implied warranties work. Implied warranties are created by law—regardless of any written warranty—upon the sale of goods "for a price." 13 Pa. Consol. Stat. §§ 2106(a), 2314(a). Here, there was only one "sale" to Garfinkle: his June 2012 purchase of a Wolf oven. (ECF 39 ¶ 58.) Wolf's subsequent warranty replacements of his oven were not new "sales"; they were the performance of obligations under the written warranty.

Plaintiffs do not argue otherwise, but rather rely on the Court's prior ruling that the statute of limitations for the Kails' claim for breach of implied warranty under New York law was extended by Wolf's performance of its written warranty. (ECF 35 at 13-16.) But the precedent the Court relied upon does not support Garfinkle's arguments under Pennsylvania law. In all but one of the cases cited by the Court, the implied warranty was created <u>at the time of sale</u> in a "combined offering" of free and purchased goods.[2] The other, like this one, concerned

---

[2] *See* ECF 35 at 12-14 (citing *E.I. du Pont De Nemours & Co., Inc. v. Kaufman & Chernick, Inc.*, 337 Mass. 216, 220, 148 N.E.2d 634, 636 (1958); *Levondosky v. Marina Assocs.*, 731 F. Supp. 1210, 1213

7

replacement goods provided <u>after</u> the time of sale.  There, the First Circuit concluded that the statute of limitations barred a claim for breach of implied warranty—not because the plaintiffs' written warranty "had expired," as Plaintiffs contend (Pls.' Mem. at 20), but rather because the replacements were provided "seven years after any sale between the [parties] took place," and thus the applicable statute of limitations for the implied warranty had run.  *Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d 197, 205 (1st Cir. 2004).  The same is true here:  Garfinkle did not file this lawsuit until more than five years "after any sale between the [parties] took place," more than a year longer than Pennsylvania law allows.  13 Pa. Consol. Stat. § 2725(a).

### 2. No Advertising Statements That Explicitly Extended to Future Performance Were Part of The Basis of Garfinkle's Bargain

Next, Garfinkle contends that the "future performance" exception saves his claim for breach of express warranties created in Wolf advertising.  But the advertising statements he cites are general statements or observations about Wolf's high-quality and blue oven interiors (*see, e.g.*, Pls.' Mem. at 8), and "[g]eneral statements made in advertising do not constitute explicit warranties of future performance" under Pennsylvania law.  *Gunsalus v. Celotex Corp.*, 674 F. Supp. 1149, 1155 (E.D. Pa. 1987).  Instead, "the focus of [the future performance exception] is not on what is promised, but on the duration of the promise—*i.e.*, the period to which the promise extends." *Nationwide*, 625 A.2d at 1176.

Garfinkle cites only one advertising representation by Wolf that includes a durational element:  that Wolf ovens "are designed to last a minimum of 20 years."  (Pls.' Mem. at 18-19.) But Garfinkle cannot sue for breach of that advertising statement, because he admits he never saw it—and thus it did not become part of the "basis of the bargain."  (*See* ECF 66-1 at 8-9.)

---

(D.N.J. 1990); and *Gunning v. Small Feast Caterers, Inc.*, 4 Misc. 3d 209, 212, 777 N.Y.S.2d 268, 271 (Sup. Ct., Kings Cty., 2004).

8

### B.        Equitable Tolling Does Not Apply To Either Plaintiff's Claims

Finally, Garfinkle and Sharp argue that their claims should be equitably tolled because "Wolf did not disclose that imperfections in the porcelain would inevitably occur." (Pls.' Mem. at 23.) But Wolf's silence does not support tolling under the laws of either relevant state, and applying equitable tolling to rescue class claims would be a futile enterprise anyway.

*First*, Sharp's claims are not equitably tolled under New York law, because that "uncommon remedy" can only be "triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient." *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491–92, 868 N.E.2d 189, 198 (2007). Sharp offers no evidence of any statements or other conduct by Wolf that caused him to delay bringing timely claims. Indeed, Sharp had no problem with his oven until after New York's three-year statutes of limitations for his § 349 and unjust enrichment claims had already run. (ECF 57 ¶ 62.)

*Second*, Garfinkle's warranty claims cannot be equitably tolled by Wolf's silence, either, because the statute of limitations for those claims runs "regardless of the aggrieved party's lack of knowledge of the breach." 13 Pa. Consol. Stat. § 2725(b). *See also The Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 34 (3d Cir. 2015) ("Indeed, the statute itself establishes" that fraudulent concealment is unavailable to toll the statute of limitations for warranty claims).

The only cases Garfinkle cites for the application of equitable tolling to warranty claims concern the "repair doctrine," which is not triggered by concealment, but rather by "representations that were made that the repairs would cure the defects." *Amodeo v. Ryan Homes, Inc.*, 595 A.2d 1232, 1237, 1239 (Pa. Super. 1991). Even assuming the Pennsylvania Supreme Court would adopt that doctrine,[3] it would not save Garfinkle's warranty claims here.

---

[3] Pennsylvania's highest court "has not definitively accepted or rejected the repair doctrine," *Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., L.P.*, 842 A.2d 334, 344 n.8 (2004), and most

9

The only alleged representation to Garfinkle regarding the effect of a repair occurred in connection with his January 2014 replacement, when Garfinkle "was told the porcelain issue was a one-off issue and would not affect the performance of the oven." (ECF 39 ¶¶ 60-61.) That replacement failed ten months later. (*Id.*) Thus, at most, there was only a ten-month stretch during which Garfinkle arguably "postpone[d] filing suit in reliance upon the other party's assurances that repairs will be effective." *Amodeo*, 595 A.2d at 1239. But a ten-month tolling period would not be enough to save Garfinkle's claim, because he did not file suit until more than five years after he bought the original oven—and more than a year after Pennsylvania's statute of limitations would have expired. 13 Pa. Consol. Stat. § 2725(a).

*Third*, it would be futile for Sharp and Garfinkle to assert class claims that rely on equitable tolling, because Plaintiffs who need to prove equitable tolling to recover for their claims are not proper class representatives. *See, e.g.*, *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 149 (3d Cir. 1998); *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 342 (4th Cir. 1998); *Ctr. City Periodontists, P.C. v. Dentsply Int'l, Inc.*, 321 F.R.D. 193, 208 (E.D. Pa. 2017) ("Plaintiffs argue that their untimely claims are saved by equitable tolling provisions . . . . This argument only highlights the complications that ensue from having plaintiffs with untimely claims representing a class with timely claims."); *McAnaney v. Astoria Fin. Corp.*, No. 04-cv-1101, 2007 WL 2702348, at *12 (E.D.N.Y. Sept. 12, 2007) (named plaintiffs with untimely claims did not "possess the same interest" as class members with timely claims and were therefore "inadequate representatives of the instant class").

## CONCLUSION

For these reasons, this Court should strike the untimely class claims described herein.

---

states have rejected it. *See N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co.*, 817 F. Supp. 2d 623, 633 (W.D. Pa. 2011) (noting that "[t]he majority of jurisdictions" do not apply the repair doctrine).

4852-5446-2081

Dated: November 29, 2018

/s/ *Gordon Davenport III*
Anne B. Sekel
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: 212-338-3417
Email: asekel@foley.com

Gordon (Chip) Davenport III, Esq.
*(admitted pro hac vice)*
Megan R. Stelljes, Esq.
*(admitted pro hac vice)*
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, Wisconsin 53703
Telephone: (608) 257-5035
Email: gdavenport@foley.com
       mstelljes@foley.com

*Attorneys for Defendant*